■ SIDNEY DULMAN, Doing Business as BAKERS MACHINERY COMPANY, Respondent, v POTOMAC BAKING CO., INC., Appellant.—In an action to recover damages for breach of contract, defendant appeals from an order of the Supreme Court, Westchester County, entered August 15, 1979, which denied its motion to dismiss the complaint for lack of personal jurisdiction. Action remanded to Special Term to hear and report on the factual issues underlying jurisdiction, and appeal held in abeyance in the interim (see *Dutton Lbr. Corp. v Van Ness Lbr. Co.*, 54 AD2d 723). Plaintiff Dulman, a New York resident, sells bakery machinery. The defendant is a Maryland corporation to which the plaintiff sold an oven and other bakery equipment in late 1977 and early 1978. Plaintiff claims that the amount of $77,400 remains unpaid on all the machinery which he sold to the defendant. To assert personal jurisdiction over the defendant, plaintiff relies on CPLR 302 (subd [a], par 1) which requires that a stated cause of action arise from the transaction of business within New York. However, there are issues of fact pertaining to the extent of business transacted within the State of New York regarding two alleged agreements, which preclude the resolution of the jurisdictional question without a hearing. The affidavits of the parties conflict most prominently with respect to a trip allegedly made by one of defendant's principals to Bridgeport, Connecticut, to inspect equipment located there, and thence to Yonkers, where the sale of $79,400 worth of equipment was allegedly negotiated in plaintiff's offices. In addition, defendant, in its papers, attempts to separate the sale of an oven from the sale of the other equipment (cf. 6 Williston, Contracts [3rd ed], § 863) in order to enable it to argue that there must be sufficient New York acts as to each cause of action and that such acts are lacking here. These and related matters should be examined at Special Term. Mollen P. J., Hopkins, Titone and Mangano, JJ., concur.